FILED
United States Court of Appeals
Tenth Circuit

May 24, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JEROME A. CHRISTMON,

Plaintiff - Appellant,

v.

B&B AIRPARTS, INC.,

Defendant - Appellee.

No. 17-3209
D.C. No. 2:16-CV-02341-CM
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

Mr. Jerome Christmon sued his former employer (B&B Airparts,

Inc.) under Title VII of the Civil Rights Act of 1964, claiming

discrimination for failure to accommodate religious practices. Mr.

Christmon is a Hebrew Israelite and regards Saturday as the Sabbath.

Nonetheless, Mr. Christmon was required to work mandatory overtime

[*] We conclude that oral argument would not materially help us to decide this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

shifts on some Saturdays. Because of his beliefs, Mr. Christmon asked to work his overtime hours on Sundays instead of Saturdays. B&B Airparts told Mr. Christmon that if he needed time off for religious reasons, he had to complete a "Request for Time Off form."

Mr. Christmon did not submit the form. Instead, he simply stopped coming to work when he was assigned Saturday shifts. B&B Airparts did not take any disciplinary action, and Mr. Christmon admits that he was not required to work on Saturdays. But he remained dissatisfied because he lost the opportunity to earn overtime hours, which he would have kept if he had been assigned shifts on Sunday. Mr. Christmon was ultimately fired for violating B&B Airparts' sexual harassment policy.

After the firing, Mr. Christmon sued under Title VII, claiming that B&B Airparts had discriminated against him by failing to change his weekend shifts from Saturdays to Sundays. On this claim, the district court granted summary judgment to B&B Airparts, holding that it had provided a reasonable accommodation to Mr. Christmon.

Mr. Christmon appeals, arguing that the district court erred in granting summary judgment because

- B&B Airparts had submitted an uncertified deposition transcript with the summary-judgment motion,

- B&B Airparts had failed to submit any interrogatory responses, and

- the record had not shown a reasonable accommodation.

2

We reject these arguments. B&B Airparts provided undisputed evidence that Mr. Christmon's deposition was certified, no obligation existed to support the summary-judgment motion with interrogatory responses, and B&B Airparts provided a reasonable accommodation by allowing Mr. Christmon to miss his Saturday shifts. For these reasons, we affirm.

## I.    Standard of Review

We review de novo the district court's grant of summary judgment. *Knopf v. Williams*, 884 F.3d 939, 946 (10th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, we view the evidence and all reasonable inferences in the light most favorable to Mr. Christmon. *See Knopf*, 884 F.3d at 946.

## II.    Evidentiary Issues

Mr. Christmon argues that the district court erred by (1) relying on uncertified testimony from Mr. Christmon's deposition and (2) granting B&B Airparts' motion even though it had not been supported by interrogatory responses. Mr. Christmon's arguments fail because B&B Airparts (1) presented undisputed evidence that Mr. Christmon's deposition transcript had been certified and (2) was not required to support the motion with interrogatory responses.

Federal Rule of Civil Procedure 30(f)(1) requires that deposition transcripts be accompanied by a certification "that the witness was duly sworn and that the deposition accurately records the witness's testimony." Mr. Christmon argues that the district court could not consider his deposition testimony because B&B Airparts had filed a transcript lacking the required certification.

For this argument, Mr. Christmon relies on three opinions from the Southern District of Ohio: *Moore v. Florida Bank of Commerce*, 654 F. Supp. 38 (S.D. Ohio 1986), *Morphew v. Lawhon & Associates, Inc.*, No. 2:10-cv-716, 2011 WL 6122638 (S.D. Ohio Dec. 8, 2011), and *Soliday v. Miami County*, No. C-3-91-153, 1993 WL 1377511 (S.D. Ohio Nov. 22, 1993). Reliance on these opinions is misguided because in these cases, the parties relying on the deposition testimony failed to provide the court with a deposition certification. *Moore*, 654 F. Supp. at 41 n.2; *Morphew*, 2011 WL 6122638 at *2; *Soliday*, 1993 WL 1377511 at *5 n.4.[1] Here, B&B Airparts filed the certification when the plaintiffs raised the issue. Because the certification was filed, the district court did not err in considering the deposition testimony.

---

[1] When transcript excerpts are filed, the Southern District of Ohio's local rules require the filer to include the certification. S.D. Ohio Civ. R. 7.2(e). No such requirement exists in the District of Kansas's local rules. *Cf.* D. Kan. R. 56.1(d) (requiring attachment of cited deposition excerpts without mention of the certification).

4

Mr. Christmon also argues that the district court erred in granting summary judgment because B&B Airparts had failed to support its motion with interrogatory responses. But Rule 56 did not require B&B Airparts to support its motion with interrogatory responses. Thus, Mr. Christmon's argument fails.

## III.   Reasonable Accommodation

Mr. Christmon argues that the district court erred in holding that B&B Airparts had provided a reasonable accommodation. We disagree. The undisputed evidence shows that B&B Airparts allowed Mr. Christmon to skip mandatory Saturday shifts after he had explained his religious concern. This relief from Saturday shifts constituted a reasonable accommodation, and the district court did not err in granting summary judgment to B&B Airparts.

Mr. Christmon bears the initial burden to show a prima facie case of religious discrimination for failure to accommodate. *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000). Mr. Christmon must show that he

- has a "bona fide religious belief that conflicts with an employment requirement,"

- informed B&B Airparts of this belief, and

- "was fired for failure to comply with the conflicting employment requirement."

5

*Id.* If Mr. Christmon satisfies his burden, the burden would shift to B&B

Airparts, which would need to

- conclusively rebut an element of Mr. Christmon's prima facie case,

- show the offering of a reasonable accommodation, or

- show an inability to reasonably accommodate Mr. Christmon's religious beliefs without undue hardship.

*Id.* at 1156. The district court assumed that Mr. Christmon had met his

burden and decided as a matter of law that B&B Airparts' accommodation

had been reasonable. We agree.

"'Accommodate . . . means . . . allowing the plaintiff to engage in

[his] religious practice despite the employer's normal rules to the

contrary.'" *Tabura v. Kellogg USA*, 880 F.3d 544, 550 (10th Cir. 2018)

(quoting *EEOC v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028, 2032

n.2 (2015) (omissions in original)). But a reasonable accommodation does

not necessarily spare an employee from any resulting cost. *Pinsker v. Joint*

*Dist. No. 28J*, 735 F.2d 388, 390–91 (10th Cir. 1984). Thus, the

accommodation may be reasonable even though it is not the one that the

employee prefers. *Id.* at 390.

The undisputed evidence shows that

- B&B Airparts required its employees to work overtime shifts on Saturdays when scheduled,

6

- before informing his supervisor of his need for religious accommodation, Mr. Christmon had been disciplined for failing to appear for a Saturday shift, and

- once Mr. Christmon had told his supervisor about the conflict between his religious beliefs and the Saturday shifts, B&B Airparts allowed Mr. Christmon to skip Saturday shifts with no disciplinary consequences.

*See* R. at 141 (deposition testimony of Mr. Christmon stating that B&B Airparts "basically just allowed me to not come in on my scheduled Saturdays").

Though Mr. Christmon requested an opportunity to make up his overtime hours on Sunday, Title VII did not require B&B Airparts to offer Mr. Christmon's preferred accommodation. B&B Airparts' accommodation allowed Mr. Christmon to avoid the conflict with his religious beliefs even if he lost the opportunity for overtime. *See Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 70 (1986) ("[U]npaid leave eliminates the conflict between employment requirements and religious practices by allowing the individual to observe fully religious holy days and requires him only to give up compensation for a day that he did not in fact work."); *Pinsker v. Joint Dist. No. 28J*, 735 F.2d 388, 391 (10th Cir. 1984) ("Defendant's policy, although it may require teachers to take occasional unpaid leave, is not an unreasonable accommodation of teachers' religious practices.").[2]

---

[2] Mr. Christmon cites three consent decrees to support his position. Consent Decree, *EEOC v. United Parcel Service, Inc.*, No. 2:12-cv-07334-

7

Thus, the district court did not err in deciding that B&B Airparts had provided Mr. Christmon with a reasonable accommodation.

## IV. Conclusion

We conclude that

- the district court did not err in considering Mr. Christmon's deposition testimony even though B&B Airparts' motion had not initially included the certification,

- B&B Airparts was not required to support its summary-judgment motion with interrogatory responses, and

- the undisputed evidence shows that B&B Airparts provided a reasonable accommodation.

Accordingly, we affirm the district court's grant of summary judgment to B&B Airparts.

Entered for the Court

Robert E. Bacharach
Circuit Judge

FSH-MAH (D.N.J. Nov. 1, 2013); Consent Decree, *EEOC v. Maita Chevrolet Geo*, No. 2:11-CV-03133-MCE-KJN (E.D. Cal. Sept. 25, 2013); Consent Decree, *EEOC v. Boca Grp., LLC*, Nos. 11-CV-80825-RYSKAMP/VITUNAC & 12-CV-80172-RYSKAMP/VITUNAC (S.D. Fla. Mar. 9, 2012). As negotiated documents lacking legal analysis, these consent decrees do not constitute persuasive authority.